UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES WILEY,**

 **Plaintiff,**

v.                  **CASE NO. 8:07-CV-434-T-26EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration,**

 **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under the Act.[1]

The undersigned, after reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case, as well as relevant statutory and case law, affirms the decision of the ALJ denying Plaintiff's claim.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2000). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979)(citation omitted).[2]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

Plaintiff protectively filed his application for DIB on December 1, 2003, with an alleged onset of disability beginning July 9, 2003. (T 15) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision issued on June 30, 2006. (T 15-22) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 2-4)

Plaintiff was forty-nine years old at the time of the May 2, 2006 hearing. (T 20) Plaintiff has a high school education and has taken some college classes. (T 246-47) He has previously worked as a delivery driver and an electrician. (T 20) Plaintiff contends that on July 9, 2003, he suffered an on-the-job back injury that prevented him from working since that date. (T 250-51)

Following the administrative hearing, the ALJ found that Plaintiff had not engaged in any

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

substantial gainful activity since the alleged onset of disability. (T 17) The ALJ also found that Plaintiff's impairments—degenerative disc disease and disc bulging without herniated nucleus pulposus or nerve root compression—are considered severe because they place restrictions on Plaintiff's ability to engage in work activity. Id.  However, the ALJ determined that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T 17-18)

Further, the ALJ determined that Plaintiff's allegations of impairment were not supported by the medical evidence, and therefore the ALJ put "little to no credence in claimant's testimony concerning the severity of his back problems." (T 20)  Based on testimony from a vocational expert ("VE"), the ALJ concluded that Plaintiff was unable to perform his past relevant work. Id. Additionally, the ALJ determined that according to Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), there are significant numbers of jobs in the national economy that Plaintiff can perform. Id.  Relying on the testimony of the VE, the ALJ found that Plaintiff could perform the following jobs within the unskilled light occupational base: electronics assembler, ticket seller and mail clerk. (T 21)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Discussion

Plaintiff contends that the ALJ's decision was not supported by substantial evidence because the ALJ relied on the VE's testimony, which Plaintiff alleges is not consistent with the Dictionary of Occupational Titles ("DOT") (Dkt. 24 at 2).

The Eleventh Circuit has held that where a "VE's testimony conflicts with the DOT, the

VE's testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Therefore, an ALJ may rely on the VE's testimony even if it is inconsistent with the DOT. Id.

Moreover, Plaintiff has failed to show that there is a conflict between the VE's testimony and the DOT. Here, the ALJ asked the VE whether her testimony would be consistent with the DOT; the VE responded that her testimony would be consistent with the DOT. (T 264) Without providing any specific citation to the DOT, Plaintiff argues that he could not perform the jobs of ticket seller or electronics assembler because "some" of these jobs will not allow a sit/stand option at will (Dkt. 24 at 7). However, there is nothing in DOT section 211.467-030 (ticket seller) or 726.684-018 (electronics assembler) that precludes a person with the option to change position between sitting and standing from performing either of these jobs.

As to the DOT's description for the job of mail clerk in section 209.687-026, Plaintiff asserts that he would be unable to "distribute and collect mail" from a sitting position (Dkt. 24 at 7). However, the ALJ found that Plaintiff has the RFC to stand or walk each for up to two hours in an eight-hour workday and sit for up to six hours in an eight-hour workday with the option to change positions at will. (T 18) As such, there is substantial evidence to support the ALJ's finding that Plaintiff could perform the job of a mail clerk. Therefore, there is no conflict found between the VE's testimony and the DOT.

### III. Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** that:

(1)     the decision of the Commissioner is **AFFIRMED** and the case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)     the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 12th day of December, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge